# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01097-COA

RICHARD PARKER A/K/A RICHARD BERNELL PARKER A/K/A RICHARD B. PARKER                                                                 APPELLANT

v.

STATE OF MISSISSIPPI                                                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/2017 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | PATRICIA W. BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/02/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., FAIR AND WILSON, JJ.

### WILSON, J., FOR THE COURT:

¶1.     Richard Parker decided to hunt on someone else's property without permission. A game warden was called about the trespass and found Parker and Parker's truck. Parker, a prior convicted felon, had a rifle in his truck. Following a jury trial in the Forrest County Circuit Court, Parker was convicted of unlawful possession of a firearm by a convicted felon. Parker's appointed appellate counsel filed a *Lindsey* brief, certifying that he has thoroughly searched the record and found "no arguable issues" for appeal. *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005). After an independent and thorough review of the record, we

agree that there are no arguable issues and that the evidence was sufficient to support the conviction. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 14, 2014, Jyntre Williamson, a game warden for the Mississippi Department of Wildlife, Fisheries, and Parks, received a call reporting a suspected trespasser on Bill McCrary's land in Forrest County. Williamson arrived at McCrary's property, where McCrary and his son were parked. A red Toyota truck was parked nearby, and Williamson approached the truck to investigate the alleged trespasser. Richard Parker was standing next to the truck when Williamson approached. Parker told Williamson that he was there to hunt. Williamson noticed a rifle in the front seat of the Toyota. Williamson used his iPhone to take pictures of Parker and the rifle. Parker was arrested for trespassing. The Forrest County Sheriff's Department later released the rifle to its owner.

¶3.     Parker was indicted for unlawful possession of a firearm by a convicted felon. *See* Miss. Code Ann. § 97-37-5 (Rev. 2014). At trial, the State introduced evidence of Parker's prior felony conviction.[1] The State then called Williamson and a deputy sheriff to testify. Parker did not testify or call any witnesses. The jury found Parker guilty, and the circuit court sentenced him to ten years in the custody of the Department of Corrections, with five years to serve, five years suspended, and five years of post-release supervision.

## ANALYSIS

---

[1] Parker declined to stipulate to the prior conviction. The State showed that, less than three months prior to his arrest in this case, Parker was convicted after pleading guilty to possession of a controlled substance, a felony.

2

¶4. *Lindsey*, 939 So. 2d at 748 (¶18), establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe that his or her client's case presents any arguable issues on appeal." Parker's appointed appellate counsel complied with that procedure and certified that there are no arguable issues for appeal. Pursuant to *Lindsey*, counsel sent Parker a copy of the brief and advised him that he could file a pro se brief. Parker has not filed a brief.

¶5. Parker was found standing next to his truck, and there was a rifle on the front seat of the truck. No one else was present, and Parker stated that he was there to hunt. The State also proved that Parker had a prior felony conviction. Clearly, there is sufficient evidence to support the jury's verdict finding Parker guilty of unlawful possession of a firearm by a prior convicted felon. Furthermore, like Parker's appellate counsel, we have "conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). Therefore, Parker's conviction and sentence are **AFFIRMED**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**