# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-01809-COA

JEFFERY BARNES                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

DATE OF JUDGMENT:              12/03/2019
TRIAL JUDGE:                  HON. PRENTISS GREENE HARRELL
COURT FROM WHICH APPEALED:    LAMAR COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       OFFICE OF STATE PUBLIC DEFENDER
                              BY: ERIN ELIZABETH BRIGGS
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: LAUREN GABRIELLE CANTRELL
DISTRICT ATTORNEY:            HALDON J. KITTRELL
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 02/09/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT**:

¶1.     Jeffery Barnes appeals his conviction of sexual battery of a child less than fourteen years of age for which he was sentenced to thirty years in the custody of the Mississippi Department of Corrections, with twenty-five years to serve, followed by five years of post-release supervision. Counsel for Barnes asserts pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), that he has diligently searched the procedural and factual history of this indigent criminal action in good faith and has not found any issues to be raised on appeal. Counsel requested additional time for Barnes to file a pro se brief if he desired. Barnes did not. With no issues being raised and having fully reviewed the record, we affirm.

**STATEMENT OF THE FACTS**

¶2.     Investigator Lance Spiers of the Lamar County Sheriff's Office was informed by Sergeant Brian Patterson that a parent reported her son had been sexually abused two days prior to te reporting. Investigator Spiers contacted the mother, Annie,[1] the following day. She suspected that forty-nine-year-old Barnes had sexually abused her son, Tommy, during a barbeque cookout on Saturday, October 14, between 9:30 and 11:00 p.m.

¶3.     No DNA evidence was collected because several days had passed before Investigator Spiers became involved in the case. Additionally, he did not visit or take pictures of the home, nor did Investigator Spiers ask for names of others that were present on the night in question. Investigator Spiers did schedule a forensic interview for Tommy at the Kids Hub Child Advocacy Center.

¶4.     Tommy was interviewed by Emily Dixon while Spiers observed from a live feed in a separate room. During the interview, Tommy stated that Barnes had told him to lick his "peens" three times that day. Tommy indicated that his "peens" meant his penis. Tommy informed that he was in his bedroom playing with his hot wheels when Barnes entered the room, pulled his pants down, and instructed Tommy to lick Barnes's "peens." Tommy then licked Barnes's penis.

¶5.     During the trial, a tender-years hearing was held, and it was determined that Tommy's hearsay testimony would be admissible. This hearing occurred after Tommy testified before the jury. Dixon was also allowed to testify and stated that Tommy's statements were

_____

[1] To protect the interests of the minor involved, pseudonyms have been used in reference to the minor and his parent.

consistent with the allegations.

¶6.    Annie also testified that the family had a cookout and that her husband, Tommy, Xavier Reed, Willie Earl Williams, and Barnes were at the home. She recalled Barnes going into Tommy's room while the rest of the adults were inside. She could see Tommy's room from where she was sitting on the front porch, but she was not able to see Tommy inside the room. She remembered Barnes being in the room for ten to fifteen minutes and later returned outside with the adult guests. Two nights later, Tommy told his mother about the incident. She then called Tommy's father and then reported the allegation to the police.

¶7.    Reed and Williams testified that they both remember Barnes entering the house and later returning outside with the other adults.

¶8.    A Lamar County grand jury later indicted Barnes for sexual battery of a child less than fourteen years of age. After a two-day trial, he was found guilty and sentenced to thirty years, with twenty-five years to serve, followed by five years of post-release supervision. He was also ordered to pay a $2,500 fine, all court costs, and register as a sex offender. Barnes now appeals.

**DISCUSSION**

¶9.    Barnes has not filed a pro se brief raising any issues, and his counsel has met the requirements of *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). After independently and thoroughly reviewing the record, we find no issues to support a reversal and therefore affirm. *Parker v. State*, 270 So. 3d 1038, 1039 (¶5) (Miss. Ct. App. 2018). *Lindsey* provides the procedure that governs cases where appellate counsel represents an indigent criminal

3

defendant and does not believe his or her client's case presents any arguable issues on appeal:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)[(5), (8)]; *see also Robbins*, 528 U.S. at 280-81, 120 S. Ct. 746 (stating that "[c]ounsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case").

> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

> (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

> (4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

> (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (¶18).

¶10.    Counsel for Barnes has met these requirements by serving a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(5), (8); she has certified that there are no arguable issues after scouring the record thoroughly searching for the aforementioned traits; and she has sent a copy of the brief to Barnes attesting that there are no arguable issues and advising him of his right to file a pro se brief. Barnes has not raised any arguable issues, nor

4

has this Court discovered any; therefore, the circuit court's judgment is affirmed.

¶11.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**